**Affirmed and Plurality, Concurring, and Dissenting Opinions filed December 31, 2020.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-19-00488-CV

---

## GENSETIX, INC., Appellant

## V.

## BAYLOR COLLEGE OF MEDICINE, DIAKONOS RESEARCH, LTD., AND WILLIAM K. DECKER, Appellees

---

**On Appeal from the 129th District Court
Harris County, Texas
Trial Court Cause No. 2019-02003**

---

## C O N C U R R I N G   O P I N I O N

Appellant Gensetix, Inc. has not shown that the Texas Citizens Participation Act (the "Act")[1] violates any constitutional provision. Parting ways with the

---

[1] *See* Tex. Civ. Prac. & Rem. Code § 27.001, *et seq.* (West, Westlaw through 2017 1st C.S.). The Texas Legislature amended the Act in 2019. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 1–12, 2019 Tex. Gen. Laws 684. The 2019 amendments do not apply to this case, which was filed before September 1, 2019. *See id*. §§ 11–12, 2019 Tex. Gen. Laws at 687 (providing that amendments apply to actions filed on or after September 1, 2019). The citations in this opinion are

plurality's analysis of the third issue but agreeing that this court should affirm the trial court's judgment, I concur in today's judgment, but I respectfully decline to join the plurality opinion.

**Gensetix has not shown that the Act violates the Texas Constitution's open-courts provision.**

Under its third issue, Gensetix asserts that the Act violates the Texas Constitution's open-courts provision. According to Gensetix, (1) the Act unreasonably restricts litigants' access to the courts by levying punitive attorney's fees that allegedly make it extraordinarily difficult and risky for plaintiffs to bring suit; (2) the Act's mandatory fee-shifting structure, combined with the high burden on plaintiffs to go forward with their cases well before full discovery can be taken, creates a high disincentive to litigate even a meritorious case; and (3) the mandatory award of conditional appellate fees against plaintiffs whose claims are dismissed under the Act prevents those plaintiffs from seeking review in the courts of appeals without facing the imposition of fees "potentially in the hundreds of thousands of dollars."

Under the version of the Act applicable to today's case, the Act's attorney's-fees-award provision mandates that upon dismissal of a legal action under the Act, "the court shall award to the moving party . . . court costs, reasonable attorney's fees, and other expenses incurred in defending against the legal action as justice and equity may require" as well as "sanctions . . . as the court determines sufficient to deter the party who brought the legal action from bringing similar actions described in this chapter."[2]

The Texas Constitution's open-courts provision says that "[a]ll courts shall be

---

to the version of the Act applicable to today's case.

[2] Tex. Civ. Prac. & Rem. Code § 27.009(a) (West, Westlaw through 2017 1st C.S.).

open, and every person for an injury done him, in his lands, goods, person or reputation, shall have remedy by due course of law."[3] To prevail on an open-courts challenge, Gensetix must show that (1) it has a well-recognized common law claim that is being restricted; and (2) the restriction is unreasonable or arbitrary when balanced against the statute's basis and purpose. *See In re Dean*, 393 S.W.3d 741, 748 (Tex. 2012). This court already has concluded that the Act's limitations on discovery do not violate the open-courts provision.[4] The main issue presented in Gensetix's open-courts challenge is whether the Act's mandatory requirement of attorney's-fees awards in favor of the successful movant is unreasonable or arbitrary when balanced against the Act's basis and purpose.[5]

The Act's express purpose is to balance protections for persons exercising their constitutional rights of expression and association with protections for persons filing meritorious lawsuits for demonstrable injury.[6] According to Gensetix, the mandatory fee-award provision "unreasonably restricts litigants' access to the courts through the levying of punitive fees that make it extraordinarily difficult and risky for plaintiffs to bring suit." But, under this provision, a trial court must award a successful movant "reasonable attorney's fees," not the punitive attorney's fees Gensetix describes in its briefing.[7] An award of punitive attorney's fees would not be reasonable. Nor does the Act demand that courts impose an attorney's-fees award on parties who meet the statutory burden of establishing by "clear and specific

---

[3] Tex. Const. art. I, §13.

[4] *See Landry's, Inc. v. Animal Legal Defense Fund*, 566 S.W.3d 41, 68 (Tex. App.—Houston [14th Dist.] 2018, pet. granted); *accord Mem'l Hermann Health Sys. v. Khalil*, No. 01-16-00512-CV, 2017 WL 3389645, at *15–17 (Tex. App.—Houston [1st Dist.] Aug. 8, 2017, pet. denied) (mem. op.).

[5] *See Mem'l Hermann Health Sys.*, 2017 WL 3389645, at *16.

[6] *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.002 (West, Westlaw through 2017 1st C.S.).

[7] *See id.* § 27.009(a).

evidence" a prima facie case so as to avoid dismissal.[8] Under the statutory regime, the trial court awards trial and conditional appellate attorney's fees only after resolving a motion to dismiss that shifts litigation costs from the prevailing party (who met its burden to show by a preponderance of the evidence that the legal action is based on, related to, or is in response to that party's exercise of protected rights) to the party that failed to meet its burden.[9] Section 27.009 does not act as an impermissible barrier to the courts; rather, it shifts litigation costs after resolution of a claim.[10]

The Act also contains provisions that curb the impact of this fee-shifting provision. A motion to dismiss under the Act must be filed within 60 days of the date of service of the legal action, absent a showing of good cause for a later filing.[11] This temporal restraint effectively limits the amount of reasonable attorney's fees that a party could incur in seeking dismissal of a claim and, in turn, the amount that a court permissibly could impose on a party subject to the Act's summary-dismissal procedures.[12] In building in this temporal restriction the Legislature added a protective barrier against unreasonable awards. The Act vests trial courts with discretion to determine the "reasonable" amount of attorney's fees to award as well as the amount of sanctions that would be sufficient to deter repeated, similar filings.[13] The Act also includes a countermeasure that permits fee-shifting in the event a trial court finds that a motion to dismiss was frivolous or filed solely to delay.[14]

---

[8] *See id*. § 27.005(c).

[9] *See id*. § 27.005(b),(c).

[10] *See id*. § 27.009(a).

[11] *See id*. § 27.003(b).

[12] *See Mem'l Hermann Health Sys.*, 2017 WL 3389645, at *16.

[13] *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.009(a).

[14] *See id*. § 27.009(b).

Given these measures limiting the amount of attorney's fees that might be imposed on a party under the Act, vesting the trial court with discretion in determining attorney's fees and sanction awards, and establishing a mechanism to shift fees to those who would abuse the Act's procedures, the mandatory fee-award provision is not unreasonable or arbitrary when balanced against the Act's basis and purpose.[15]  Therefore, Gensetix has not shown that the Act's mandatory fee-award provision violates the Texas Constitution's open-courts provision.

**Gensetix has not adequately briefed its other two constitutional challenges.**

Gensetix asserts that the Act's mandatory fee-award provision violates (1) the part of the First Amendment to the United States Constitution providing a right to petition the government and (2) the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  An appellant's brief must contain a clear and concise argument for the contentions made, with appropriate citations to the record.[16]  Courts are to interpret this requirement reasonably and liberally.[17]  Yet, parties asserting error on appeal must put forth some specific argument and analysis showing that the record and the law support their contentions.[18]  Conclusory assertions do not suffice.

Though Gensetix states that the Act's mandatory fee-award provision violates the two noted parts of the United States Constitution, Gensetix does not provide argument or analysis in support of either proposition.  Likewise, though Gensetix

---

[15] *See Mem'l Hermann Health Sys.*, 2017 WL 3389645, at *16–17.; *Brenner v. Centurion Logistics LLC Directly and Derivatively on Behalf of Centurion Pecos Terminal, LLC*, No. 05-20-00308-CV, 2020 WL 7332847, at *8 (Tex. App.—Dallas Dec. 14, 2020, no pet. h.) (mem. op.).

[16] *See* Tex. R. App. P. 38.l(i).

[17] *See Wells v. Tex. Dept. of Public Safety*, No. 14–17–00547–CV, 2019 WL 962214, at *2 (Tex. App.—Houston [14th Dist.] Feb. 29, 2019, no pet.) (mem. op.).

[18] *See id*.

states that the mandatory fee-award provision violates each of these constitutional provisions for the same reasons that it violates the Texas Constitution's open-courts provision, Gensetix has not given this court any briefing or argument as to the legal standard for either alleged violation of the United States Constitution. Nor has Gensetix provided any analysis demonstrating how Gensetix has satisfied its burden of showing a violation under either standard. Thus, as to Gensetix's challenges under the First Amendment and the Fourteenth Amendment to the United States Constitution, Gensetix's appellate briefing fails to suffice, and Gensetix has waived review.[19]

/s/     Kem Thompson Frost
        Chief Justice

Panel consists of Chief Justice Frost and Justices Zimmerer and Poissant. (Zimmerer, J., plurality) (Poissant, J., dissenting).

---

[19] *See id.*